# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 5988 | **DATE** | 6/27/2003 |
| **CASE TITLE** | Ulysses S. Gissendanner vs. The Gerber Group, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter **MEMORANDUM, OPINION AND ORDER: Defendant's motion to dismiss plaintiff's second amended complaint is [27-1] denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUN 30 2003 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | 03 JUN 30 AM 8:15 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 40

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ULYSSES S. GISSENDANNER, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | No. 01 C 5988 | **DOCKETED** |
| v. ) | | |
| ) | Wayne R. Andersen | JUN 3 0 2003 |
| THE GERBER GROUP, INC., a/k/a ) | District Judge | |
| GERBER AUTO COLLISION AND ) | | |
| GLASS; NEAL GERBER (Individually) ) | | |
| and HERB UPTON (Individually), ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the defendants' motion to dismiss the Plaintiff's Second Amended Complaint in its entirety. Plaintiff Gissendanner filed a two-count complaint alleging racial discrimination by both his employer and his immediate supervisor. In Count I, Gissendanner sued corporate defendant The Gerber Group, a/k/a Gerber Auto Collision and Glass (Gerber), alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* In Count II, Gissendanner sued all defendants pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981. Defendants move to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendants' motion presents the court with two questions. First, to withstand a motion to dismiss under FRCP 12(b)(6) must a plaintiff's complaint conclusively prove that he timely filed suit within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC)? Second, does employment at-will provide a sufficient contractual

relationship to support a § 1981 claim of employment discrimination? For the following reasons the defendants' motion to dismiss is denied.

## ALLEGATIONS OF THE COMPLAINT

On a motion to dismiss the facts must be taken in the light most favorable to the plaintiff. Therefore, the following facts alleged by the plaintiff will be accepted as true for purposes of this motion.

Plaintiff, Ulysses S. Gissendanner, is an African-American male who worked as a collision estimator for defendant Gerber from December 1999 through April 2000. Neal Gerber is the owner of Gerber and defendant Herb Upton was Gissendanner's immediate supervisor. Plaintiff's employment was at-will. Gissendanner alleges that defendants discriminated against him on the basis of race, including unequal wages and terms and conditions of employment, and discriminatory discipline and discharge. Gissendanner filed charges with the EEOC, which issued a right-to-sue letter via certified mail on or about March 15, 2001. He filed suit on August 3, 2001, approximately 4 ½ months later. Plaintiff justifies this delay by claiming that the U.S. Postal Service never delivered the certified letter. Gissendanner alleges that he first received the right-to-sue letter after May 1, 2001 when it was re-sent to him by the EEOC via first-class mail after the certified letter was returned by the U.S. Postal Service as undeliverable. Plaintiff does not indicate the date on which he actually received the letter, noting only that it was after May 1, 2001 and that he timely filed suit within 90 days of receiving this letter.

Defendants filed a motion to dismiss Count I on the grounds that plaintiff did not timely file suit within 90 days of receipt of the March 15, 2001 letter in violation of the statutory filing requirements. Defendants claim that the suit must be dismissed because the plaintiff failed to file suit within 90 days or to provide evidence that he was not at fault for his failure to receive

the March 15, 2001 letter when it was sent via certified mail. Defendants seek dismissal of Count II because they claim that an at-will employee does not have an employment contract as defined by 42 U.S.C. § 1981.

## DISCUSSION

In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *Wilson v. Formigoni*, 42 F.3d 1060, 1062 (7th Cir. 1994). "A complaint should not be dismissed unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993) (*quoting Hirshon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).

### I. Proof Of Receipt Of Right To Sue Letter

Under Title VII, a plaintiff must file suit within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e- 5(f)(1). It is the established law of this Circuit that the 90-day limitations period begins to run when the plaintiff receives actual notice of his right to sue, unless he is at fault for not receiving timely notice. *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999). If a plaintiff does not receive a right-to-sue letter before it is returned as undeliverable to the EEOC, and he claims that he was not at fault, then the parties must litigate to determine whether the plaintiff bears responsibility for not receiving the letter when it was first mailed by the EEOC. *Id.* at 840, n.5. The plaintiff has the burden of proving that he was not at fault because he is the only person with information about why he did not receive the letter. *Id.*

Gissendanner claims that the United States Postal Service did not deliver the right-to-sue letter when it was first sent to him by the EEOC via certified mail. The defendants ask this court to find that the plaintiff was at fault simply from his failure to receive the letter. The contested question of plaintiff's fault cannot be resolved upon a motion to dismiss. Under the circumstances, a determination of whether Gissendanner was at fault "involves a factual inquiry that extends beyond the four corners of the pleadings and is within the province of Rule 56." *Covington v. Ill. Sec. Serv.*, 269 F.3d 863, 865 (7th Cir. 2001). Defendants' argument that Gissendanner's complaint is not timely is an affirmative defense, and the plaintiff is not required to anticipate and overcome affirmative defenses in his complaint. *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993). Gissendanner's complaint is well pleaded and, at this stage, we must accept his claims as true.

We note, however, that "the law presumes delivery of a properly addressed piece of mail," *McPartlin v. Commissioner*, 653 F.2d 1185, 1191 (7th Cir. 1981), and that the fault doctrine will only protect a claimant from "fortuitous circumstances or events beyond his or her control which delay receipt of the EEOC's notice." *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir. 1984). If this court must revisit this issue upon a motion for summary judgment, Gissendanner will need to establish why he is not at fault for his failure to timely receive the EEOC's letter. He will not be able to rely upon allegations in the pleadings or upon conclusory statements in affidavits, but must instead support his claims with proper evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

For the foregoing reasons the motion to dismiss Count 1 of the plaintiff's complaint is denied.

4

## II. Section 1981 Claim

This court has previously held that employment at-will is a contract for purposes of § 1981. *See Stone v. American Fed'n. of Gov't. Employees*, 135 F. Supp. 2d. 873 (N.D. Ill. 2001). In *Stone*, we noted that while the Seventh Circuit has not squarely addressed this issue, four other Federal Courts of Appeals had decided that at-will contracts can support a 1981 claim. Since that time, the Eight Circuit has reached the same conclusion. *See Turner v. Ark. Ins. Dep't.*, 297 F.3d 751 (8th Cir. 2002). We remain convinced that this interpretation upholds the goals of § 1981 and that the Seventh Circuit would agree if confronted directly with this question. Accordingly, the defendants' motion to dismiss Count II of the plaintiff's complaint is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Plaintiff's Second Amended Complaint is denied.

_____
Wayne R. Andersen
United States District Court

Dated: June 27, 2003

5