# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ULYSSES S. GISSENDANNER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No. 01 C 5988<br>) |
| THE GERBER GROUP, INC., a/k/a<br>GERBER AUTO COLLISION AND<br>GLASS, NEAL GERBER, individually,<br>and HERB UPTON, individually, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action involves employment discrimination claims made under Title VII, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Plaintiff Ulysses S. Gissendanner was employed as an automobile collision estimator by Defendant The Gerber Group, Inc., a/k/a Gerber Auto Collision and Glass ("Gerber") at Gerber's Halsted Street facility in Chicago, Illinois. Mr. Gissendanner sues Gerber, Neal Gerber, an owner and manager of Gerber, and Herb Upton ("Upton"), the manager of the Halsted Street facility at the time of Plaintiff's discharge. Plaintiff is an African-American male. He claims, *inter alia*, that because of his race he was discriminated against insofar as his wages were concerned, continually harassed by Mr. Upton, and ultimately discharged.

The defendants have moved for summary judgment on both the Title VII claim and the § 1981 claim. I deny the motion for the reasons stated below.

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue for trial exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmoving party's evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249-50. In deciding a motion for summary judgment, I must view all evidence in the light most favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), *cert. denied*, 484 U.S. 977 (1987), and must draw all reasonable inferences in the non-movant's favor. *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990). I may not invade the province of the jury by making determinations of credibility, weighing evidence or determining what inferences may be drawn from admissible evidence. *Anderson*, 477 U.S. at 255.

This action was filed on August 3, 2001. Defendants argue that Mr. Gissendanner's Title VII claim is time-barred because he failed to file this action within 90 days from receipt of a right to sue letter sent to him via certified mail by the Equal Employment Opportunity Commission ("E.E.O.C.") on March 15, 2001. The federal courts hold that proof of proper mailing gives rise to a presumption of receipt by the addressee. However, where receipt is

categorically denied, it raises a triable of issue of fact. *In re: Longardener & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir. 1988); *McIntyre v Household Bank*, Case NO. 02-C-1537, 2004 WL 2958690 (N.D.Ill., December 24, 2004). Here, the defendants offer a document as proof that the original letter was returned to the E.E.O.C. as unclaimed, but while the document raises an inference of attempted delivery and failure to claim within the short period set by the Post Office, it is not direct evidence of either. Mr. Gissendanner testified at his deposition that he did not receive the original letter, and did not know of its existence until May of 2000 when the E.E.O.C. sent him a second letter advising him of the prior mailing. That is sufficient to raise an issue of material fact for the jury.

Defendants' remaining arguments go to the merits of Mr. Gissendanner's claims. I find that Mr. Gissendanner has raised triable issues of material fact with respect to each of the defenses on which the defendants rely. For example, defendants argue that Mr. Gissendanner has no evidence of direct discrimination and that he cannot even prove discrimination indirectly under the four part test articulated by the Supreme Court in *McDonnell-Douglas v. Green*, 411 U.S. 792, 802 (1973). I disagree. Looking only at evidence of direct discrimination, it is clear that Mr. Gissendanner can present a *prima facie* case.

Gerber argues that Mr. Gissendanner was not meeting his employer's reasonable expectations of performance. Mr. Gissendanner points to the testimony of Kathleen Petrovic who was the office manager of Gerber's Halsted Street facility during his employment there. Ms. Petrovic testified, among other things, to repeated remarks by Mr. Upton that, if credited by a jury, could easily uphold findings of pretext and discriminatory animus and intent. According to Ms. Petrovic, Mr. Upton referred every few days to Mr. Gissendanner as a "nigger" and as "the black mother fucker"; stated that he wanted to get rid of him because he was black; and told Ms. Petrovic to "ride" Mr. Gissendanner and write him up so as to create a paper trail that would indicate poor work performance.

Defendants rely on the doctrine that statements from a person who played some role in the employment decision but did not have ultimate authority to make the decision do not suffice to establish direct evidence of discrimination. *Davis v. Conway Transportation-Central Express, Inc.*, 368 F.3d 776, 783 (7th Cir. 2003); Venturelli v. ARC County Services, Inc., 350 F.3d 592, 600 (7th Cir. 2003). Defendants argue that only Dan Streeter, Gerber's Director of Employment, had authority to terminate Gissendanner, and that testimony as to Upton's alleged animus is therefor irrelevant. However, Streeter testified that *both he and Upton* felt based upon what Gerber refers to as "the insurance fraud", and which Mr. Gissendanner seeks to prove was not fraud at all, "it

required immediate termination." Because of this testimony and because of the alleged campaign by Mr. Upton, Mr. Gissendanner's direct supervisor, to have Mr. Gissendanner fired, the question of what role Mr. Upton played in the decision-making process is one for the jury to decide.

Similarly, the question of whether Mr. Gissendanner failed to meet his employer's alleged reasonable expectations of performance cannot be answered as a matter of law on this record. Mr. Gissendanner has raised an issue of material fact which only the jury may determine. The same holds true of the issue as to whether Mr. Gissendanner intended to commit insurance fraud, a stated reason for his discharge.

These are not the only hotly contested issues of material fact raised by the evidence, but enumerating more or all of them would be superfluous. Defendants' motion for summary judgment is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: September 21, 2005